# Knipe *v.* Livingston, Appellant.

*Partnership—Accounting—Defective bookkeeping.*

A defective and unscientific method of bookkeeping pursued by a partner in keeping the partnership books cannot be made the means of surcharge against him, where it does not appear that the method adopted was due to any wrong motive or improper purpose, or that it resulted in any injury or disadvantage to the other partner.

The court will not surcharge the estate of a deceased partner because of great laxity by the deceased in the collection of outstanding accounts, some of which might have been saved by more diligent attention, where it appears that the facts as to the accounts were known at the time to the surviving partner, and not objected to by him, and that the accounts had finally been charged off to profit and loss with his assent.

An error of judgment by a partner in carrying the assets of the firm at a great overvaluation for a series of years, the result of which was to mislead the firm as to its financial strength, cannot be used as a ground of surcharge against the partner, where no advantage was intended or accrued to him from it.

Argued Feb. 1, 1904. Appeal No. 203, Jan. T., 1903, by defendant, from decree of C. P. Montgomery Co., June T.,

1902, No. 1, on bill in equity in case of Irvin P. Knipe, Executor of Wm. H. Bodey, Deceased, v. James Livingston. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Bill in equity for a partnership accounting.

The opinion of the Supreme Court states the case.

The court entered the following decree :

And now, January 15, 1903, the court finds that in the settlement of the affairs of the partnership between Wm. H. Bodey and James Livingston as continued by the said Livingston and the executor of the said Bodey there is due from the said James Livingston to the estate of the said William H. Bodey the sum of $3,444.45, any assets of the firm collected hereafter to be equally divided between the said James Livingston and the said Irvin P. Knipe, executor of the said William H. Bodey.

*Error assigned* was the decree of the court.

*Henry Freedley*, for appellant.

*Irving P. Wanger*, for appellee.

PER CURIAM, April 18, 1904 :

The learned judge below found that there had been a defective and unscientific method of bookkeeping by Bodey, the partner having charge of that department of the business, but that the books were at all times open to inspection of his partner, and that after the death of Bodey an examination by Livingston, the surviving partner, " with the assistance of counsel and trusted friends failed to point out any item showing a mistake or error in the bookkeeping except as to the interest paid with the cash of the firm," the objection to which was not sustained. The learned judge therefore found explicitly that " it was not shown that this imperfect method of bookkeeping was due to any wrong motive or improper purpose on the part of Mr. Bodey, or that it resulted in any injury or disadvantage to Mr. Livingston."

It appeared that there had been great laxity by Bodey in the

collection of outstanding accounts and some had been lost which more diligent attention might have saved, but that this was known at the time to Livingston and not objected to and the accounts had finally been charged off to profit and loss with his assent. The court therefore refused to surcharge Bodey's estate with these items.

It also appeared that the assets of the firm were greatly overvalued for a series of years partly from carrying the bad debts on the books as good and partly from imperfect inventories and failure to allow for depreciation of stock. The result of this was the misleading of the firm as to its financial strength. But this was caused by error of judgment, not by fraud. It operated to mislead both partners alike, and no advantage was intended or accrued to Bodey from it.

The learned judge below, in the face of these difficulties after a careful and patient investigation stated an account between the parties, and we have not been convinced that it is erroneous in any of the particulars complained of.

Decree affirmed at the costs of appellant.